UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J. SCOTT TIDWELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EXXON MOBIL CORPORATION, )<br>)<br>Defendant. ) | 21 C 6572<br><br>Judge Gary Feinerman |

## MEMORANDUM OPINION AND ORDER

J. Scott Tidwell brought this lawsuit in the Circuit Court of Cook County, Illinois, alleging that his former employer, Exxon Mobil Corporation, violated Illinois law by terminating him due to his sex and retaliating against him. Doc. 1-1. Exxon removed the suit under the diversity jurisdiction, Doc. 1, and moves to dismiss the suit under Civil Rule 12(b)(5) for untimely and non-diligent service of process, Doc. 11. The motion is granted.

## Background

Exxon fired Tidwell in January 2020. Doc. 1-1 at p. 8, ¶ 11. In May 2020, Tidwell cross-filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). *Id*. at p. 7, ¶ 3; *id*. at pp. 13-17. On February 19, 2021, the IDHR dismissed the charge before it for lack of substantial evidence. *Id*. at p. 18. Tidwell received the notice of dismissal on March 4, 2021, *id*. at p. 7, ¶ 4, and filed this suit on May 28, 2021, Doc. 1 at ¶ 1, less than a week before the statute of limitations for his state law claims expired on June 2, 2021. *See* 775 ILCS 5/7A-102(D)(3) (providing a 90-day statute of limitations after a prospective plaintiff receives an IDHR notice of dismissal). On the

1

day Tidwell filed suit, the state court set an initial status conference for September 27, 2021. Doc. 12-5 at 2.

The state court clerk issued a summons, also dated May 28, 2021, Doc. 12-2 at 2-3, and Tidwell paid a fee with the intent that the clerk serve the summons and complaint by certified mail sent to his former work location, Doc. 14-1 at p. 17, ¶ 3; *id*. at p. 21. Over the following months, Tidwell's counsel repeatedly checked the docket and contacted the clerk's office to determine if Exxon had been served, but was unable to confirm service. *Id*. at p. 18, ¶¶ 4-7. When Exxon did not appear for the initial status conference—which had been reset to October 5, 2021, Doc. 12-5 at 3—Tidwell's counsel "presumed that [Exxon] had not been served." Doc. 14-1 at p. 3, ¶ 5. Three weeks later, counsel contacted and retained a special process server. *Id*. at p. 18, ¶ 11. Exxon's registered agent was personally served with an undated, unsigned, and unsealed alias summons on November 10, 2021. Doc. 1-1 at pp. 2-4.

Exxon timely removed the case, *see* 28 U.S.C. § 1446(b), and moves to dismiss under Rule 12(b)(5). Although Tidwell recently received a right-to-sue notice from the EEOC and plans to bring federal claims against Exxon, Doc. 14 at 2 n.1, Exxon's motion is not moot because granting it would foreclose Tidwell's Illinois law claims. *Cf. Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks omitted).

## Discussion

Although the formal vehicle for Exxon's motion is Rule 12(b)(5), Illinois law governs whether service prior to removal was timely and diligent. *See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122-23 (7th Cir. 2001); *Cooperwood v. Farmer*, 315 F.R.D. 493, 496 (N.D. Ill. 2016) (St. Eve, J.). Illinois Supreme Court Rule 103(b) states in pertinent part that if a plaintiff's

"failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations," the court "shall" dismiss the "action" "with prejudice as to that defendant." Ill. Sup. Ct. R. 103(b). "The plaintiff bears the burden of showing reasonable diligence in the service of process and must provide a reasonable explanation for any apparent lack of diligence." *Kramer v. Ruiz*, __ N.E.3d __, 2021 IL App (5th) 200026, ¶ 21 (May 20, 2021). Factors bearing on a plaintiff's diligence include:

> (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant.

*Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill. 1990). These "factors are to be considered with a view toward fulfilling the constitutional mandate of rendering justice fairly and promptly." *Womick v. Jackson Cnty. Nursing Home*, 561 N.E.2d 25, 27 (Ill. 1990). Here, each *Segal* factor either weighs in favor of dismissal or is neutral.

First, that Tidwell took more than five months after filing suit to serve Exxon evidences a lack of reasonable diligence. *See Lewis v. Dillon*, 816 N.E.2d 715, 718 (Ill. App. 2004) (affirming dismissal where the plaintiff failed to "effectuate service within a five-month period"); *Smith v. Menold Constr., Inc.*, 811 N.E.2d 357, 362 (Ill. App. 2004) (same, and collecting cases). During the nearly five months between his request that the state court clerk serve Exxon by certified mail (which was improper, as noted below) and the initial status conference, Tidwell took no further steps to effectuate service. Waiting so long was unreasonable. The court's mere scheduling of a status conference did not evidence service, as one was scheduled on the day Tidwell filed suit. And nothing on the docket indicated that service had occurred, even after the original summons expired. *See* Ill. Sup. Ct. R. 102(b) ("No

3

summons … may be served later than 30 days after its date."). Moreover, even once counsel "presumed" that the service had not occurred because Exxon did not appear at the initial status conference, Doc. 14-1 at p. 3, ¶ 5, counsel inexplicably waited three weeks to contact and retain a special process server, *id*. at p. 18, ¶ 11. Those unreasonable delays, whether considered individually or as a whole, indicate a lack of diligence.

Second, Tidwell did not make reasonable efforts to effectuate service. Prior to retaining the special process server, counsel's sole attempt to effectuate service was asking the state court clerk to serve Exxon by certified mail at Tidwell's former work location. *Id*. at pp. 17-18, ¶¶ 3-4; Doc. 14 at 3-4. That was improper, as under "Illinois law, certified mail is generally not an adequate means of service for corporations." *Goode v. PennyMac Loan Servs., LLC*, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014) ("Certified mail is thus not listed as an appropriate method of serving corporations in the text of … the relevant state statutes.") (citing 735 ILCS 5/2-203, 5/2-204); *accord Lockhart v. HSBC Fin. Corp.*, 2015 WL 4111346, at *2 (N.D. Ill. July 8, 2015) (Illinois law) ("*Mailing* the summons is insufficient."). True enough, a local court rule authorizes the clerk to "mail … summons with [a] copy of complaint attached thereto by certified mail return receipt requested." Cook Cnty. Cir. Ct. R. 0.3.1(c)(7). But Illinois law provides that service by certified mail is proper only in limited circumstances not present here. *See* 735 ILCS 5/2-204, 5/2-206 (service by publication and mail authorized when the defendant "on due inquiry cannot be found, or is concealed"); 805 ILCS 5/5.25(c)(2) (service by mail authorized when the Secretary of State acts as a corporation's registered agent); Ill. Sup. Ct. R. 284 (service by mail authorized for small claims cases). As a result, Tidwell's legally insufficient efforts to have the clerk serve Exxon via certified mail were unreasonable.

4

As to the third and fourth factors, in the highly unlikely event Tidwell did not know where to serve Exxon, he easily could have ascertained its registered agent's address from the Illinois Secretary of State's website. *See* 735 ILCS 5/2-204 ("A private corporation may be served … by leaving a copy of the process with its registered agent … ."); 805 ILCS 5/5.25(a) ("Any process, notice, or demand required or permitted by law to be served upon a domestic corporation or a foreign corporation having authority to transact business in this State may be served … upon the registered agent … ."). Where, as here, "at all relevant times, the defendant was registered with the Secretary of State … the plaintiff could have taken advantage of th[is] more productive avenue[] to locate [the] defendant." *Emrikson v. Morfin*, 977 N.E.2d 1165, 1171 (Ill. App. 2012) (citing *N. Cicero Dodge, Inc. v. Victoria Feed Co.*, 503 N.E.2d 868, 870 (Ill. App. 1987)); *see also Lewis*, 816 N.E.2d at 718 (holding that the third and fourth factors favored the defendants because they "all were easily located"). Indeed, even though state law authorizes service on persons other than a corporation's registered agent, "prudence and the good practice of law clearly require that service be made upon the registered agent." *Slates v. IHOP, Inc.*, 413 N.E.2d 457, 466-67 (Ill. App. 1980). Tidwell's failure to avail himself of this straightforward path to service for five months weighs against a finding of reasonable diligence.

Fifth, Exxon did not have actual knowledge of the suit, notwithstanding Tidwell's March 2020 demand letter, Doc. 14-1 at pp. 5-14, and May 2020 administrative charge, Doc. 1-1 at pp. 13-17. *See Kreykes Elec., Inc. v. Malk & Harris*, 697 N.E.2d 885, 889 (Ill. App. 1998) (holding that a pre-suit demand letter did not establish knowledge under the fifth *Segal* factor). After the IDHR dismissed the charge in February 2021, Exxon was not informed that Tidwell had decided to pursue his state law claims through litigation.

Sixth, there are no special circumstances here.

Seventh, although Tidwell eventually served Exxon with an alias summons in November 2021, Doc. 1-1 at pp. 3-4, that summons was defective because it was not dated, signed, or sealed by the issuing clerk. *See* Ill. Sup. Ct. R. 101(a) ("The summons shall be issued under the seal of the court, identifying the name of the clerk. The summons shall clearly identify the date it is issued … ."). The missing date makes it impossible to determine the summons's validity. *See* Ill. Sup. Ct. R. 102(b) (providing that a summons must be served within 30 days of being issued). That Tidwell has never effectuated service properly also weighs against finding reasonable diligence.

Tidwell's subjective intent has no bearing on the Rule 103(b) analysis. *See Kramer*, 2021 2021 IL App (5th) 200026, ¶ 33 ("Rule 103(b) is not based upon the subjective test of plaintiff's intent, but, rather, upon the objective test of reasonable diligence in effecting service."); *Kreykes*, 697 N.E.2d at 888 ("Rule 103(b) is not rooted in a subjective test of the plaintiff's intent but, rather, upon an objective evaluation of reasonable diligence in obtaining service of process."). Thus, that Tidwell might not have intentionally delayed service is irrelevant. And Tidwell's reliance on the Illinois public policy favoring merits dispositions is misplaced, as that policy "is not an appropriate factor for consideration in objectively determining whether a plaintiff exercised reasonable diligence to obtain service on a defendant." *Christian v. Lincoln Auto. Co.*, 934 N.E.2d 1065, 1069 (Ill. App. 2010).

Tidwell argues that Exxon was not prejudiced by the belated service. Doc. 14 at 12-13. Although "[p]rejudice against [the] defendant is also considered" under Rule 103(b), *Lewis*, 816 N.E.2d at 718, "a lack of prejudice to the defendant will not necessarily preclude a dismissal," *Womick*, 561 N.E.2d at 27. Because the *Segal* factors weigh heavily in Exxon's favor, dismissal is appropriate even if Tidwell's lack of diligence caused it no prejudice. *See Long v. Elborno*,

875 N.E.2d 1127, 1133-34 (Ill. App. 2007) ("[T]he defendant is not required to establish that it was prejudiced by plaintiff's delay.").

This is particularly so given that Tidwell waited until deep into the limitations period to file this suit. "If a plaintiff waits until close to the expiration of the limitations period to file suit, a lengthy delay in service nullifies the protection against stale claims the statute of limitations is designed to afford. Thus, a delay in service in a case filed well in advance of the expiration of the statute of limitations may be excused where the same delay in a suit filed close to its expiration may not." *Mular v. Ingram*, 33 N.E.3d 771, 780 (Ill. App. 2015). Tidwell had everything necessary to initiate his case once he received the IDHR's notice of dismissal in early March 2021, but he waited until late May 2021, nearly the full limitations period, before filing suit, thereby assuming the risk that delays in service would result in dismissal with prejudice under Rule 103(b). *See* Ill. Sup. Ct. R. 103(b) ("If the plaintiff fails to exercise reasonable diligence to obtain service … prior to the expiration of the applicable statute of limitations, the action … may be dismissed *without* prejudice. If the failure to exercise reasonable diligence … occurs after the expiration of the applicable statute of limitations, the dismissal shall be *with* prejudice … .") (emphasis added).

## Conclusion

Exxon's motion to dismiss is granted. Because Exxon was not served until mid-November 2021, well after the limitations period for Tidwell's state law claims expired in early June 2021, Rule 103(b) requires that the dismissal be with prejudice. Accordingly, the claims in this suit are dismissed with prejudice, though without prejudice to whatever federal claims Tidwell may bring now that he has received the EEOC's right-to-sue notice. Exxon's

7

request for attorney fees, Doc. 12 at 9, is denied without prejudice to renewal by a separate motion. *See* Fed. R. Civ. P. 54(d)(2).

February 4, 2022

_____
United States District Judge